UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMCO INSURANCE COMPANY,

    Plaintiff,

    v.

GOLD MIRROR DI GRANDE ENT., INC.,

    Defendant.

No. C 05-3002 MHP

**ORDER TO SHOW CAUSE**

    Gold Mirror is an Italian restaurant owned and operated in San Francisco by defendant Gold Mirror Di Grande Enterprises, Inc. ("Gold Mirror"). On April 19, 2004, Gold Mirror was damaged when a delivery truck parked across the street rolled into the front of the restaurant. Compl. ¶ 6. The truck was owned and operated by third-party defendants Trucklease Corp., The News Group and Deviere Robinson (collectively "Trucklease"). At the time of the accident, Gold Mirror was insured by plaintiff AMCO Insurance Co. ("AMCO") under Premier Business Owners Policy No. ACP BPF 7820697997, issued by plaintiff on June 11, 2003. Compl. ¶ 30

    Gold Mirror reported the damages to AMCO and began repairs on the building. Compl. ¶¶ 3–4. Based on its initial estimates, AMCO advanced Gold Mirror $190,000.00 to cover repairs and the business interruption loss. Compl. ¶ 8. During the course of the construction and negotiations over the policy coverage, a controversy arose between AMCO and Gold Mirror concerning the amount of damages caused by the collision and which repairs were covered under the insurance policy. Compl. ¶ 8. In particular, AMCO alleges that Gold Mirror made material

1 misrepresentations of fact as to the cost and nature of necessary repairs caused by the collision.
2 Compl. ¶ 34. The parties were unable to agree to a claim amount, resulting in the current litigation.
3   AMCO, an Iowa corporation with its principal place of business in that state, filed suit in this
4 court against Gold Mirror on July 22, 2005, seeking a declaration that the policy was void due to
5 Gold Mirror's alleged factual misrepresentations. Gold Mirror filed counterclaims against AMCO
6 on October 3, including a claim for breach of insurance contract.
7   Gold Mirror then filed suit in the Superior Court for the County of San Francisco on October
8 7 (the "state court action"), against the driver of the truck, Deviere Robinson, the lessor, Trucklease
9 Corporation, and the lessee, The News Group, seeking to recover the damages sustained in the
10 collision under state tort law. Robinson is a resident of California, and Trucklease and The News
11 Group are corporations with their principal places of business in California.
12   On December 5, AMCO, as counter-defendant in the federal action, filed a third-party
13 complaint in this court in subrogation against Trucklease. Finally, on December 15, Trucklease
14 cross-claimed against AMCO in the state court action. This court and the state court are thus
15 presented with identical parties litigating similar issues arising from the same set of facts.
16   Jurisdiction in this court is based on diversity, 28 U.S.C. section 1332, and the Declaratory
17 Judgment Act, 28 U.S.C. sections 2201 et seq. The Ninth Circuit, interpreting Wilton v. Seven Falls
18 Co., 515 U.S. 277 (1995), has held that in declaratory relief actions relating to coverage under or
19 interpretation of insurance policies, even if, as here, "the suit passes constitutional and statutory
20 muster, the district court must also be satisfied that entertaining the action is appropriate."
21 Government Employees Insurance Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998) (en banc).
22 Furthermore, "this determination is discretionary, for the Declaratory Judgment Act is 'deliberately
23 cast in terms of permissive, rather than mandatory, authority.'" Id. (quoting Public Serv. Comm'n v.
24 Wycoff Co., 344 U.S. 237, 250 (1952) (Reed, J., concurring)).
25   The reason for this threshold inquiry is that declaratory relief actions almost always involve
26 interpretations of state law. Concerns of comity and wise judicial administration ordinarily counsel
27 against exercising jurisdiction in declaratory relief actions that present only issues of state law,
28

particularly while there are parallel proceedings pending in state court.  See Employers Reinsurance Corporation v. Karussos, 65 F.3d 796, 798 (1995).  To exercise jurisdiction over declaratory relief actions, the district court must be satisfied that a particular action presents circumstances that warrant an exception to this general rule.  See id.

In Dizol, cited above, the Supreme Court underscored that the jurisprudential factors articulated in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), still apply to jurisdiction considerations in declaratory relief actions.  See, 133 F.3d at 1225 & n.5.  These factors include but are not limited to (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory judgment actions as a means of forum shopping; and (3) avoiding duplicative litigation.  See id.

Based on the pleadings currently before the court, this action does not appear to present exceptional circumstances which justify jurisdiction.  Moreover, the court notes a significant problem with allowing the instant litigation to go forward in federal court.  Trucklease was apparently impleaded under Federal Rule of Civil Procedure 14(a), despite the absence of an express invocation of that rule by either party.  See Wright & Miller, 6 Fed. Prac. & Proc. Civ. 2d § 1460.  Because Gold Mirror and Trucklease are not diverse, this court does not have jurisdiction to hear claims and defenses by Gold Mirror against Trucklease under the supplemental jurisdiction statute, 28 U.S.C. section 1367.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978).  Subsection (b) of section 1367 precludes "supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 . . . ."  As a counterclaimant, Gold Mirror is a plaintiff for purposes of section 1367, and therefore the limitation contained in subsection (b) applies to its claims against Trucklease.  However, no exception to the supplemental jurisdiction statute appears to bar this court from hearing claims and defenses made by *Trucklease* against *Gold Mirror*.

The state court proceeding is free of this jurisdictional problem, and all parties' interests may be represented there.  It thus appears to this court that concerns of comity and wise judicial

administration counsel against this court's exercising its discretionary jurisdiction under the Declaratory Judgment Act.

CONCLUSION

For the foregoing reasons, this court orders defendant Gold Mirror and plaintiff AMCO to show cause why this court should exercise jurisdiction over this action.

Accordingly, on or before March 1, 2006, plaintiff and defendant shall each file briefs not to exceed ten (10) pages explaining why this action should not be stayed or dismissed.

IT IS SO ORDERED.

Dated: February 17, 2006

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California